# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:17-CV-06413-SVW-MRW | Date | October 18, 2017 |
|---|---|---|---|
| Title | *Christina Lopez v. Southern California Edison Company et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING MOTION TO REMAND [17]

On May 25, 2017, plaintiff CHRISTINA LOPEZ ("Plaintiff") filed a complaint against Defendants Sunnova Energy Corporation, Southern California Edison Company, and SCE Customer Solar & Self-Generation in the Superior Court for the State of California, County of Los Angeles, Case No. MC027219 (the "Complaint"). On August 30, 2017, Defendant Sunnova Energy Corporation removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. 1332. (Dkt. 1). This Court issued an Order to Show Cause Re: Jurisdiction on September 19, 2017. (Dkt. 11). For the following reasons, the Court REMANDS this case to the Superior Court or the State of California, County of Los Angeles.

### I. Legal Standard

Federal courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332. Proper jurisdiction under Section 1332 requires complete diversity, so each plaintiff must be diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Servs.*, Inc., 545 U.S. 546, 553 (2005). To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir.2005). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.1992). There is a 'strong presumption' against removal jurisdiction. *Id*. To support removal based on diversity jurisdiction, the defendant "has the burden of proving, by a preponderance of the evidence", that the requirements of diversity jurisdiction are met. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002).

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-06413-SVW-MRW | Date | October 18, 2017 |
|---|---|---|---|
| Title | *Christina Lopez v. Southern California Edison Company et al* | | |

## II. Factual Background

Plaintiff's lawsuit in the California Superior Court brought claims for fraud in execution, intentional infliction of emotional distress, negligent infliction of emotional distress and elder abuse related to the installation of solar panels on Plaintiff's residence against Sunnova Energy Corporation ("Sunnova"), Southern California Edison Company ("SCE"), and Nexus Energy Systems ("Nexus"). Since all of Plaintiff's claims arise under California law and Plaintiff is a California citizen, diversity is defeated if any of the three defendants are California citizens. Defendant Sunnova is incorporated in Deleware with its principal place of business in Texas.

While Defendant Sunnova acknowledges Plaintiff and Defendants SEC and Nexus are California citizens, Defendant Sunnova argues that federal jurisdiction is proper because SEC and Nexus are sham defendants, and should not be considered in establishing diversity. The Court finds that Defendant Sunnova has failed to establish that its co-defendants are sham defendants, and thus holds that diversity jurisdiction is improper.

## III. Discussion

Removal is proper despite the presence of a non-diverse defendant where that defendant is a fraudulently joined or sham defendant. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989). The failure to state a claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Computer Sys. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002).

In support of her fraud in execution claim, Plaintiff alleges she never ordered solar panels to be installed in her home and never agreed with any Defendant to enter into a contract for solar. (Complaint, Dkt. 1, Exh.1, ¶11). Further, Plaintiff alleges "by preparing such contract and forging Plaintiff's signature thereto, Defendants, and each of them, have committed fraud in the execution, all to Plaintiff's detriment." *Id*. Under California law, a plaintiff may demonstrate fraud in the execution of a contract by establishing that, as a result of defendant's fraud, the plaintiff did not know what he or she was signing. *Doe v. Gangland Prods., Inc.*, 730 F.3d 946, 957–58 (9th Cir. 2013). Once a plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-06413-SVW-MRW | Date | October 18, 2017 |
|---|---|---|---|
| Title | *Christina Lopez v. Southern California Edison Company et al* | | |

has shown fraud in the execution or inception of a contract, "the contract lacks mutual assent and is void." *Id*. Here, the contract at issue names Defendant Southern California Edison Company as a signature party thereto and names Defendant Nexus Energy Systems as the contractor/installer of the solar panels. (Dkt. 13-2). As parties to the contract, Defendants SCE and Nexus are liable for fraud in execution if Plaintiff proves there was no manifestation of assent. *Duick v. Toyota Motor Sales, U.S.A., Inc*., 198 Cal. App. 4th 1316 (2011). As such, Defendant Sunnova's argument that Plaintiff failed to state a claim against the non-diverse Defendants is not "obvious according to the well-settled rules of the state." Thus, Defendant Sunnova has failed to meet its burden of establishing that SCE and Nexus are sham defendants, particularly in light of the "strong presumption against removal jurisdiction." *Gaus*, 980 F.2d at 566.

## IV. Conclusion

This case is REMANDED.

It is SO ORDERED.

:

Initials of Preparer

PMC